868 So.2d 1222 (2004)
Albert Otis LABON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1556.
District Court of Appeal of Florida, Third District.
March 17, 2004.
Bennett H. Brummer, Public Defender, and Susan Martin, Special Assistant Public Defender, for Appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General (Fort Lauderdale), for Appellee.
Before GERSTEN, GREEN and FLETCHER, JJ.
GERSTEN, J.
Albert Labon ("defendant"), also known as "Yo Boy," appeals his conviction and sentence, alleging the trial court erred in admitting testimony of the deceased, Arthur Anthony ("Anthony"), under the dying *1223 declaration exception to the hearsay rule. We affirm.
At trial, the State presented testimony that Anthony and the defendant fought after Anthony insulted the defendant's girlfriend. Although the fight ended, the defendant returned to Anthony's apartment and shot and killed Anthony. Anthony's brother heard the shots and ran upstairs to find his brother lying in a stairwell. Anthony told his brother that he had been shot and could not move. Fire rescue transported Anthony to the trauma center.
Anthony was admitted to the hospital for a penetrating wound to the head, neck and torso. Detective David Patton ("detective Patton"), responded to the trauma center and spoke with Anthony, Anthony's brother, the responding rescue unit, and the treating doctor. The treating doctor advised detective Patton that Anthony was in critical care.
Detective Patton spoke with Anthony shortly before Anthony's surgery. Although Anthony was in pain, he was able to communicate with the detective in a comprehensive manner. Anthony told detective Patton that Yo Boy shot him. He also told the detective that he did not know Yo Boy's real name, but Yo Boy lived with his parents somewhere in the area of Northwest 5th Avenue and 59th Street. Eleven days later, Anthony passed away. The medical examiner testified that the cause of death was a complication of the gunshot wound to the neck.
The defendant argues that the trial court erred in admitting Anthony's statements to detective Patton under the dying declaration hearsay exception because the evidence did not show that the statements were made with knowledge of his impending death. We disagree.
Under Section 90.804(2)(b), Florida Statutes (2000), a statement made by a declarant while reasonably believing that his or her death is imminent, is admissible as a hearsay exception. The dying declaration exception requires three elements: (1) a declarant's statement must have been made at a time when he believes death is imminent; (2) the statement must concern circumstances accompanying, leading up to, or causing the deceased's death; and (3) the declarant's death must be the object of an inquiry in a prosecution for homicide. See Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974).
A declarant need not make express utterances regarding knowledge of impending death in order for the statement to be admitted as a dying declaration. See Pope v. State, 679 So.2d 710 (Fla.1996); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989). However, the court must be satisfied that the deceased knew and appreciated the severity of his or her condition as one where he or she was facing imminent death. Pope, 679 So.2d at 710.
Here, the trial court did not abuse its discretion in allowing the admission of the deceased's statements. Anthony lost sensation to his legs as a result of the shot in his neck and was rushed to the trauma center for emergency care. Anthony saw an IV tube placed in his veins to drain blood from his body and knew he was going into emergency surgery. When detective Patton spoke with him about the shooting, Anthony was still in considerable pain. Although Anthony did not expressly utter that he believed he was going to die, there was no abuse of discretion in the trial court's finding that Anthony knew of his grave condition and imminent death. See Henry v. State, 586 So.2d 1033 (Fla. 1991).
Accordingly, we affirm finding Anthony's statement met all three of the elements *1224 of the dying declaration exception. See Castle v. State, 305 So.2d at 798.
Affirmed.